IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                      07-CR-212-A

HUANG YUE FENG, a/k/a Charlie,

          Defendant.



**FILED**

JAN 2 0 2009

CLERK, US DISTRICT COURT, WDNY

**PLEA AGREEMENT**

    The defendant, HUANG YUE FENG, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

    1.   The defendant agrees to plead guilty to count one of the Indictment charging a violation of Title 18, United States Code, Section 371 (conspiracy to traffic in counterfeit goods), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that the Court must require restitution in an amount to be determined, but in no event greater than the amount of $11,350,000, to be paid to Nike, Inc., as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A.

3.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

4.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   that two or more persons entered into the
     unlawful agreement charged in the Indictment
     (that is, agreeing to traffic in goods and
     knowingly using a counterfeit mark of Nike,
     Inc., on and in connection with such goods);

b.   that the defendant knowingly and willfully
     became a member of the conspiracy;

c.   that one of the members of the conspiracy
     committed at least one of the overt acts
     charged in the Indictment; and

d.   that the overt act was committed to further
     some object of the conspiracy.

For purposes of this plea agreement, the parties agree that
the Nike, Inc., "swoosh" used by the defendant and others during
the course of the conspiracy was a "counterfeit mark"; that is, a
spurious mark that was identical with, and substantially
indistinguishable from, genuine marks in use and registered for
those goods on the principal register in the United States Patent
and Trademark Office; and the use of which mark was likely to cause
confusion, to cause mistake and to deceive.

## FACTUAL BASIS

5.   The defendant and the government agree to the following
facts, which form the basis for the entry of the plea of guilty
including relevant conduct:

a.   Beginning sometime in or about April, 2007, and
     continuing up to on or about September 12, 2007, in
     the Western District of New York and elsewhere, the
     defendant, together with Wang He Bin, Xu Hang Wang,
     Malik Bazzi, Abbas Naim, Hussein Sara, and others,
     known and unknown, agreed to intentionally traffic
     in goods bearing counterfeit trademarks.  The goods
     specifically consisted of sneakers bearing the
     "swoosh" of Nike, Inc., which symbol is a
     registered trademark of Nike, Inc.

     Specifically, in the time period set forth above,
     the defendant and Wang He Bin imported and caused
     to be imported into the United States hundreds of
     thousands of pairs of sneakers bearing counterfeit
     "swoosh" marks of Nike, Inc.  These sneakers were
     sold to Malik Bazzi and others residing in and
     around New York City.  Bazzi and those persons
     working with Bazzi in turn re-sold and distributed
     the sneakers to persons throughout the United
     States, including persons living in Buffalo and
     Rochester, New York.

     For purposes of this plea agreement, the parties
     agree that the Government could prove that on or
     about April 27, 2007, Malik Bazzi shipped and
     caused to be shipped to Cortez Waters in Buffalo,
     New York, 64 cases (containing approximately 994
     pairs) of sneakers bearing a counterfeit Nike,
     Inc., "swoosh." (Overt Act 15).

     The parties further agree that the Government could
     readily prove that the defendant imported and
     thereafter distributed approximately 567,826 pairs
     of counterfeit Nike sneakers, and that this
     quantity should be used for determining relevant
     conduct.  Using an average retail price of $100 per
     pair of sneakers, the parties agree that the
     infringement amount which could be readily proven
     by the government against the defendant does not
     exceed $56,782,600.

b.   The above facts are set forth for the limited
     purpose of complying with Rule 11(b)(3) and are not
     intended to serve as a complete statement of the
     defendant's criminal conduct.

-4-

### III.   SENTENCING GUIDELINES

6.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.   The government and the defendant agree that Guidelines §§ 2X1.1(a) and 2B5.3(a) apply to the offense of conviction and provide for a base offense level of 8.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.   The government and the defendant agree that the following specific offense characteristic does apply:

a.   §§   2B5.3(b)(1)(B)   and   2B1.1(b)(1)(M):   the infringement amount (including relevant conduct) was in excess of $50,000,000 but did not exceed $100,000,000, and thus there is a 24 offense level increase.

b.   § 2B5.3(b)(3): the offense involved the manufacture and importation of infringing items, and thus there is a 2 offense level increase.

## ADJUSTED OFFENSE LEVEL

9.   Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 34.

## ACCEPTANCE OF RESPONSIBILITY

10.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 31.

## CRIMINAL HISTORY CATEGORY

11.   The parties have reviewed the defendant's criminal history.   It is the understanding of the government and the defendant that the defendant has previous arrests and/or convictions, the exact disposition and significance of which remain unclear.   It is the best judgment of counsel that the defendant's criminal history category falls between category I and category II. The defendant understands that the defendant has no right to

withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.   It is the understanding of the government and the defendant that, with a total offense level of 31 and criminal history category of I or II, and taking into account the applicable statutory maximum penalties, the defendant's sentence would be a term of imprisonment of 60 months, a fine of $15,000 to $150,000, and a period of supervised release of 2 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13.   The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.   A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.   A breach of this paragraph by the defendant shall

also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant understands that the Court is not bound to accept any sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to trafficking in counterfeit merchandise which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   ALIEN STATUS

16.   The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security.   The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding.   The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

## VI.   GOVERNMENT RIGHTS AND RESERVATIONS

17.   The defendant understands that the government has reserved the right to:

   a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence [including the amount of restitution and/or fine and the method of payment]; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

18.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

19.   The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government.   As a condition of this agreement, the defendant voluntarily waives, for all purposes, any right to request DNA testing of any such evidence.

## VII.   APPEAL RIGHTS

20.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant, however, knowingly waives the

right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I of this agreement.

21.  The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.  The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   <u>COOPERATION</u>

23.   The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to trafficking in counterfeit merchandise.   The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

24.   The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.   The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

25.   In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal

offenses committed in the Western District of New York in any way involving or related to trafficking in counterfeit merchandise, committed up to the date of this agreement and about which the defendant provides complete and truthful information. Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence.

26. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

27. Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines as provided for in Guidelines § 5K1.1. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the

-13-

extent of any downward departure, are matters solely within the discretion of the Court.

28.   This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.   This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

29.   It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.   It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.   Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

30.   In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing,

petition the Court to declare that the defendant has breached this
agreement and for an order relieving the government of its
obligations under this agreement.

31.   Whether or not the defendant has violated any of the
conditions of this agreement shall be determined by the Court in an
appropriate proceeding at which any disclosures and documents
provided by the defendant shall be admissible and at which the
government shall be required to establish any violation by a
preponderance of the evidence.   In order to establish any violation
by the defendant, the government is entitled to rely on statements
and information given by the defendant pursuant to this agreement.

32.   If this agreement is declared breached:

a.   the defendant shall thereafter be subject to
prosecution for any federal criminal violations of
which the government has knowledge, including but
not limited to, perjury and obstruction of justice;

b.   the government may withdraw any motion filed
pursuant to Sentencing Guidelines § 5K1.1, Title
18, United States Code, Section 3553(e) and/or
Rule 35(b);

c.   the defendant has no right to withdraw the plea of
guilty;

d.   the defendant shall waive all rights under Fed. R.
Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing
Guidelines § 1B1.8 and the defendant expressly
agrees that all statements, testimony and tangible
objects provided by the defendant (with the
exception of statements made in open court during

guilty plea proceedings], whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.  the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to trafficking in counterfeit merchandise which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

33.  At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

34.  The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by

government agents regarding the matters set forth in this agreement.

## IX. FORFEITURE PROVISIONS

35. The defendant agrees to forfeit all of his interest, right and title in the following property pursuant to Title 18, United States Code, Sections 2320(b)(3)(A) and Title 21, United States Code, Section 853:

A. **UNITED STATES CURRENCY**

1. The sum of one hundred seven thousand five hundred forty ($107,540.00) dollars consisting of sixty-six thousand ten ($66,010.000) dollars in United States Currency and money orders totaling approximately forty- one thousand five hundred thirty ($41,530.00) dollars seized by Department of Homeland Security Special Agents on or about September 12, 2007.

2. The sum of fourteen thousand seven hundred ($14,700.00) dollars in United States currency seized from a safe deposit box at Asia Bank in the name of YUE FENG WANG on or about September 20, 2007.

B. **COUNTERFEIT ITEMS**

One hundred and eight (108) pairs of counterfeit NIKE sneakers seized on or about September 12, 2007.

C. **COMPUTER AND ELECTRONICS EQUIPMENT**

The following computers, electronics equipment or related media items seized on or about September 12, 2007:

1 SUPER FLASH DRIVE
2 MICRO SD CARDS
1 SONY CAMERA
1 SONY PC Serial No. 3013881
1 US DODULAR 2GB MONSTER DRIVE
1 SANDISK CRUZER THUMB DRIVE
1 IPOD Serial No. JQ4516WQKQ
2 SONY MEMORY STICK PRO
1 WESTERN DIGITAL EXTERNAL HARD DRIVE SERIAL NO.
  WMANK5670336
1 DELL INSPIRON 700 M LAPTOP
3 Money Counting Machines

## D.   **REAL PROPERTY**

The premises and real property with its buildings,
improvements, fixtures, attachments and easements, known
as 417 Bradley Avenue, Staten Island, New York; that is,
all that tract or parcel of land, situate in the Borough
of Staten Island, County of Richmond and State of New
York and more particularly described in a certain deed
dated December 7, 2005, and recorded on December 23, 2005
in Land Document No. 94369 in the Richmond County Clerk's
Office.   However, the defendant agrees, as part of this
agreement that the defendant will make, or cause to be
made, a payment to the government in the total amount of
**$300,000.00 United States currency** in the form of a
certified check made payable to the Department of
Homeland Security, United States Customs and Border
Protection prior to entry of this plea in substitution
and in lieu of the forfeiture of the defendant's interest
in 417 Bradley Avenue, Staten Island, New York.   The
defendant agrees and understands that if said payment is
not received by the United States prior to entry of this
plea, the real property identified in this subparagraph
shall be forfeited to the government and the defendant
waives any rights to contest the forfeiture of this
property including those contained in Title 21 United
States Code, Section 853(n).   The defendant also
understands and agrees that if such payment is not made,
this Court will issue an Order of Forfeiture forfeiting
the above described real property to the United States,
providing for the Department of Homeland Security, United
States Customs and Border Protection to take immediate
possession and directing it to be within the government's
discretion to enter into occupancy agreements with any
occupants of the real property or to physically remove

such occupants as it deems necessary in order to dispose
of the property.

36.   After the acceptance of this Plea of Guilty, and pursuant
to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the
government will request a Preliminary Order of Forfeiture covering
the items listed in paragraph 35 above.   The defendant hereby
waives any right to notice of such Preliminary Order of Forfeiture.
The defendant further consents and agrees that the Order of
Forfeiture shall become final as to the defendant prior to
sentencing and agrees that it shall be made part of the defendant's
sentence and included in the Judgment pursuant to Rule 32.2(b)(3)
of the Federal Rules of Criminal Procedure.   The defendant agrees
to the entry of orders of forfeiture for the aforementioned
property and waives the requirements of Federal Rules of Criminal
Procedure 32.2 and 43(a) regarding notice of the forfeiture in the
charging instrument, announcement of the forfeiture at sentencing,
and incorporation of the forfeiture in the judgment.   Defendant
acknowledges that he understands that the forfeiture of property is
part of the sentence that may be imposed in this case and waives
any failure by the court to advise him of this, pursuant to Rule
11(b)(1)(J), at the time his guilty plea is accepted.

37.   The defendant agrees that the forfeiture of the
aforementioned asset as set forth in this agreement shall not be

-19-

deemed an alteration of the defendant's sentence.   Forfeiture of
the defendant's assets shall not be treated as satisfaction of any
fine, restitution, cost of imprisonment, or any other penalty the
Court may impose upon the defendant in addition to forfeiture.   The
defendant waives all constitutional, legal and equitable defenses
to the forfeiture of these assets in any proceeding, including any
statutory time limits contained therein.   The defendant further
waives any right to appeal or collaterally attack any matter in
connection with the forfeiture of assets as provided in this
agreement.

## X.   CIVIL ACTION

38.   Defendant waives and agrees not to assert in any civil
lawsuit arising from the conduct which gave rise to the criminal
charges that are the subject of this plea any defense based on the
double jeopardy or excessive fines clauses of the Constitution.

## XI.   TOTAL AGREEMENT AND AFFIRMATIONS

39.   This plea agreement represents the total agreement
between the defendant, HUANG YUE FENG, and the government.   There
are no promises made by anyone other than those contained in this
agreement.   This agreement supersedes any other prior agreements,

written or oral, entered into between the government and the defendant.

KATHLEEN M. MEHLTRETTER
Acting United States Attorney
Western District of New York

BY: _William J. Hochul, J._
WILLIAM J. HOCHUL, JR.
Assistant U.S. Attorney

Dated: January 20 , 2009

I have read this agreement, which consists of 22 pages. I have had a full opportunity to discuss this agreement with my attorney, FREDERICK L. SOSINSKY, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____         _____
HUANG YUE FENG                   FREDERICK L. SOSINSKY
Defendant                        Attorney for the Defendant

Dated: January 20 , 2009         Dated: January 20 , 2009

-21-

## Interpreter

I, _Martha C. Leung_ , hereby affirm under penalty of
perjury that I am a Mandarin Interpreter and that I have carefully
and fully translated the entire plea agreement (set forth above) to
the defendant, HUANG YUE FENG; further that the defendant has
indicated to me that the defendant understands the terms of this
plea agreement and that by signing this agreement, the defendant
agrees to all of its terms and conditions; the defendant has
further specifically acknowledged to me that the defendant is
signing the agreement voluntarily and after full consultation with
the defendant's attorney, FREDERICK L. SOSINSKY, Esq.


DATED: January _20_, 2009.


_Martha C. Leung_
Interpreter


-22-